99-00290 Borunda v State of Texas.wpd



No. 04-99-00290-CR



Ruben BORUNDA,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-0598


Honorable Sharon MacRae, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: July 26, 2000


AFFIRMED


 A jury found the appellant, Ruben Borunda, guilty of committing the offense of possessing
heroin in the amount of one gram or more but less than four grams. After Borunda pled "true" to
two enhancement offenses, the court sentenced Borunda to twenty-five years in prison. Borunda
challenges his conviction in this appeal. Because we find no reversible error, we affirm the judgment
of the trial court.

 At trial, Borunda contended that the arresting officers did not have probable cause to stop
him prior to his arrest. In his only issue on appeal, Borunda complains that the trial court erred by
refusing to submit his requested jury charge about the legality of the stop that led to his arrest.
Specifically, Borunda argues that the evidence presented at trial entitled him to an instruction under
article 38.23 of the Code of Criminal Procedure.

 An instruction under article 38.23 directs the jury to disregard incriminating evidence used
against the defendant if the jury believes or has a reasonable doubt that the evidence was illegally
obtained. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2000). An instruction
regarding the admissibility of evidence is required only if there is a factual dispute about how the
evidence was obtained. See Bell v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996) (per curium),
cert. denied, 522 U.S. 827 (1997); Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986).
Article 38.23 directs that the jury shall be instructed whenever the evidence raises a question about
the legality of a police officer's stop. See Thomas, 723 S.W.2d at 707. To determine whether
Borunda was entitled to an instruction, we must determine whether the evidence raised a factual
dispute about how the evidence was obtained.

 During the trial, the State presented the testimony of three San Antonio police officers:
Richard Asher, Armando Ramirez, and Harry Gonzales. Detective Asher testified that on December
23, 1996, while he was in plain clothes on surveillance of a residence known as a drug area, he
observed Borunda walking down the street. Asher claimed that his attention was drawn to Borunda
because Borunda staggered and actually fell down a couple of times. Asher contends that he thought
Borunda may have been "sick, injured, drunk, high on drugs, or any number of other things that
could have been wrong." In order to protect his cover, Asher testified that he notified two patrolmen
in the area that there was an individual walking down the street who possibly needed immediate
attention.

 Police officers Ramirez and Gonzales testified that they approached Borunda to investigate
whether or not he needed assistance. As the officers approached, they claimed that Borunda turned
around and looked at the officers, and then dropped a black bandana on the ground. When the
bandana dropped to the ground, Ramirez testified that balloons fell out of the bandana onto the
ground. When he saw the balloons, Ramirez believed them to be drugs, so the officers handcuffed
and arrested Borunda. Ramirez further testified that he found a syringe, bottle cap and $2,699 in
cash on Borunda. 

 Borunda, on the other hand, testified that on December 23, 1996, he had just closed on a sale
of property and received between $2,700 and $3,000 as payment. After the sale, Borunda stated that
he was on his way to the grocery store when his car broke down. As he was walking down the street
looking for someone to help him with his car, Borunda claimed that the police stopped him, patted
him down, and arrested him. Borunda testified that the officers did not find any evidence on him,
and also denied that the drugs and paraphernalia belonged to him. 

 Borunda argues that since his testimony contradicted the police officers' testimony, it was
sufficient to require the court to submit an instruction to the jury regarding the lawfulness of his stop
because the issue of whether the officers had a reasonable suspicion that Borunda had committed a
crime or was involved in an unusual activity were fact issues for the jury to decide. However,
Borunda did not controvert the police officers' testimony as to how the evidence was obtained.
Instead, Borunda merely denied that the drugs and paraphernalia belonged to him. Because Borunda
did not raise a factual dispute as to how the evidence was obtained, the trial court did not err by
refusing an article 38.23 jury instruction. See Thomas, 723 S.W.2d at 707. Accordingly, we overrule
this issue.

 Having overruled Borunda's issue, we affirm the judgment of the trial court.


 Alma L. López, Justice

DO NOT PUBLISH